```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
 2                      FORT WORTH DIVISION

 3   UNITED STATES OF AMERICA     .  CRIMINAL ACTION NO.
                                  .  4:17-CR-053-A-1
 4   V.                           .
                                  .  Fort Worth, Texas
 5   JOSE RAMIREZ                  .  August 11, 2017
     . . . . . . . . . . . . . . . . .

 6

 7

 8

 9                  TRANSCRIPT OF PROCEEDINGS
                        (Sentencing Hearing)
                  BEFORE THE HONORABLE JOHN MCBRYDE
10                  UNITED STATES DISTRICT JUDGE

11

12

13

14   APPEARANCES:

15   For the Government:          MR. BRIAN POE
                                  United States Attorney's Office
16                                801 Cherry Street, Suite 1700
                                  Fort Worth, Texas  76102-6897
17                                (817) 252-5200

18   For the Defendant:           MR. MICHAEL A. LEHMANN
                                  Federal Public Defender
19                                819 Taylor Street, Room 9A10
                                  Fort Worth, Texas  76102
20                                (817) 978-2753

21   Court Reporter:              MS. ANA P. WARREN
                                  U.S. District Court Reporter
22                                501 W. 10th Street, Room 502
                                  Fort Worth, Texas  76102-3637
23                                (817) 850-6681

24

     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

2

### *P R O C E E D I N G S*

1

2        (Commencing, 9:25 a.m.)

3            THE COURT:  Okay.  I'm now calling for sentencing

4    Number 4:17-CR-053-A.  It's United States of America versus

5    Jose Ramirez.  Mr. Poe is here for the government, and

6    Mr. Lehmann is here for the defendant.

7        And I'll have the defendant state his full name for the

8    record.

9            DEFENDANT RAMIREZ:  Jose R. Ramirez.

10            THE COURT:  You appeared before me --

11            DEFENDANT RAMIREZ:  Yes, sir.

12            THE COURT:  Let me get the exact date.

13        On April 28, 2017, you appeared before me with

14    Mr. Lehmann, and you pleaded guilty to the offense charged by

15    the one count superseding information in this case, and that

16    was the offense of possession with intent to distribute a

17    controlled substance.  Of course, we're here today for

18    sentencing based on the conviction that resulted from that

19    plea of guilty.

20        Mr. Lehmann, did you and your client receive in a timely

21    manner the presentence report and the addendum to it?

22            MR. LEHMANN:  Yes, Your Honor.

23            THE COURT:  Did both of you read those items and then

24    discuss them with each other?

25            MR. LEHMANN:  Yes, Your Honor.

1      THE COURT:  Okay.  Let's see.  There were some

2  objections to the presentence report.  I tentatively concluded

3  they were without merit, and I indicated that in an order I

4  signed August 4.

5      Do you still want to pursue any of those objections?

6      MR. LEHMANN:  Your Honor, we have no evidence to

7  offer to the Court at this time.  We would rest on the

8  pleadings as they read and simply prepare for argument.

9      THE COURT:  Okay.  Well, I'll overrule Objection

10  Number 1 that has to do with an enhancement under Section

11  2B1.1(b)(12).  The objection is to Paragraphs 23 and 30.  I'm

12  satisfied that the probation officer correctly concluded that

13  the increase was appropriate under the facts of this case.  So

14  I adopt the findings and conclusions of the probation officer

15  on that subject.

16      Let's see.  The next objection is to Paragraphs 39 and 40

17  of the presentence report.  As I read the objection, it's

18  saying the Court should not take into account the information

19  provided in those paragraphs in sentencing because it does not

20  constitute offense conduct or relevant conduct.

21      I don't believe that conduct was taken into account in

22  determining what the sentencing guideline ranges are.

23      MR. LEHMANN:  That's correct, Your Honor.

24      THE COURT:  But it's something that the Court

25  certainly can and should consider in determining what sentence

1    to impose.  So I overrule that objection.

2        Let's see.  Objection Number 3, that has to do with the

3    suggestion by the probation officer that a sentence above the

4    top of the guideline range would be appropriate in this case

5    if the Court were to conclude that it should be -- that such a

6    sentence should be imposed.

7        I overrule that objection because I tentatively concluded

8    that there should be a sentence above the top of the advisory

9    guideline range, but I'm going to hear from the defendant and

10   Mr. Lehmann on that subject.

11       I believe that takes care of all the objections, doesn't

12   it, Mr. Lehmann?

13            MR. LEHMANN:  It does, Your Honor.

14            THE COURT:  There being no further objections to the

15   presentence report, the Court adopts as the fact findings of

16   the Court the facts set forth in the presentence report as

17   modified or supplemented by the addendum, and the Court adopts

18   as its conclusions of the Court the conclusions expressed in

19   the presentence report as modified or supplemented by the

20   addendum.

21       Now, in both instances, the issue of whether there should

22   be a sentence above the top of the guideline range is still an

23   open issue, and I'm going to hear from defendant's counsel and

24   the defendant on that subject.

25       The Court concludes that the Total Offense Level is 35.

1    That the Criminal History Category is I.  That the

2    imprisonment range is 168 to 210 months.  That the supervised

3    release range is three years.  That the fine range is $40,000

4    to $1 million, and that a special assessment of $100 is

5    mandatory.

6         Okay.  Mr. Lehmann, you can make whatever statement you

7    would like to make on behalf of your client at this time --

8    well, first of all, do you have any evidence that you want to

9    offer on the subject of a possible sentence above the top of

10   the guideline range?

11        MR. LEHMANN:  No evidence, Your Honor, just

12   argument.

13        THE COURT:  Okay.  Go ahead and make whatever

14   statement you want to make on behalf of your client at this

15   time and include anything you want to say about the

16   possibility of an upward variance.

17        MR. LEHMANN:  Thank you.

18        Your Honor, this case warrants a substantial downward

19   variance.  Mr. Ramirez is 52 years old and has zero criminal

20   history points.  As the sentencing commission has stated,

21   recidivism rates are most closely correlated with total

22   criminal history points.  So people like Mr. Ramirez pose the

23   least risk of recidivating when compared to any other type of

24   offender.

25        For all the reasons laid out in the sentencing memo,

1    doubts have been cast on the efficacy of the methamphetamine

2    guidelines, and Courts are routinely granting downward

3    variances acknowledging these deficiencies.  Higher purity

4    does not equal higher culpability, and the treatment between

5    the intoxicant and non-intoxicant parts that are included in

6    the labs don't distinguish the difference.  It is all punished

7    under 2D1.1.

8        The PSR and the Court's tentative order cite the

9    possibility of an upward departure.  If we stretched our

10   imaginations to believe that a violation of 922(g) could have

11   occurred here, we can play that out logically and realize that

12   the guidelines would take into account the same offense

13   conduct.  It would invoke the cross reference to the drugs,

14   and then the result would be exactly the same with no enhanced

15   penalty, and that's just playing devil's advocate because the

16   facts are simply insufficient to support a violation of

17   922(g).

18       What little evidence does exist about Mr. Ramirez's prior

19   drug use was gleaned in the PSR interview, not as an

20   investigation by law enforcement in this case.  I question the

21   bait and switch policy of offering drug rehabilitation

22   programs just to punish people in need for the candor that

23   they give our probation department.

24       Most importantly, however, is that Mr. Ramirez is a good

25   man as evidenced by all of the people, all of the families

1    here today in the gallery, if they could stand up and please

2    be recognized.

3             THE COURT:  Okay.  Thank you for being here.  You can

4    be seated.

5             MR. LEHMANN:  These are members of his family and his

6    extended family that have come to lend their support to him.

7    He has spent his life making an honest living, an honest

8    paycheck, as an oil refinery worker and as a plumber.  As a

9    young man, he was a two-time Golden Glove boxing champion, all

10   without a tenth finger.

11       He is the proud father of four successful children, who

12   now as young adults, ages 21 through 32, have their own lives.

13   He has helped his daughter battle cancer.  He's helped one of

14   his sons win a Golden Glove himself.

15       Four years ago Mr. Ramirez started breaking down.  He had

16   hip replacement surgery.  He needs a second surgery for a

17   hernia, and he is disabled.  He is infirmed.

18       Your Honor, Mr. Ramirez has spent the majority of his life

19   doing the right thing.  For these reasons, we urge the Court

20   to consider a downward variance in this case.

21       And we would like to call three character witnesses to

22   address the Court.

23             THE COURT:  You mean somebody to speak from the

24   podium?

25             MR. LEHMANN:  Correct, Your Honor.

8

1          THE COURT:  That's fine.  You can.

2          MR. LEHMANN:  Thank you, Your Honor.

3          THE COURT:  Have them all three come up at the same

4    time.

5        You pick the sequence in which you want them to speak.

6          MR. LEHMANN:  Your Honor, it doesn't matter to me.

7          THE COURT:  Let's have the young lady come up first.

8    Why don't you say what your name is and what city you live

9    in.

10          MS. RAMIREZ:  My name is -- (unintelligible) Ramirez,

11    and I live in Corpus Christi, Texas.

12          THE COURT:  Okay.  Make whatever statement you would

13    like to make on behalf of the defendant.

14          MS. RAMIREZ:  I'm not up here to beg that there not

15    be justice.  I understand the severity of the charges my dad

16    is being charged with.  I understand that there needs to be

17    justice, and I agree that there needs to be justice, but what

18    I'm asking for, Judge, is -- praying for is -- I'm praying for

19    a lesser sentence so he can see his grandson grow up.  I'm

20    asking that there be room for restoration and reconciliation

21    in our lives, not only while he's in prison but outside of

22    prison.

23        I pray that there would be room for me to have a real

24    relationship with my father outside of prison.  I understand

25    that we've had years to develop that, but we've come short.

1    We've fallen short, but I believe that there is a God who can

2    come and bring restoration and reconciliation in our lives,

3    and I believe that, despite the sentence, that whether or not

4    he gets grace here in this courtroom today on his sentence,

5    that God alone will give him grace and mercy in whatever

6    situation he's been placed in.  And I know that there is no

7    pick so deep that God can't reach.  So I am praying that you

8    would partner with God and leave room for grace and

9    restoration in our lives.

10              THE COURT:  Okay.  Thank you.

11              MS. RAMIREZ:  Thank you.

12              THE COURT:  The one on my right, why don't you come

13   up now and say what your name is and what city you live in.

14              MR. J. RAMIREZ:  My name is Jonathan Ramirez.  I live

15   in Corpus Christi, Texas.

16              THE COURT:  Okay.  Make whatever statement you would

17   like to make.

18              MR. J. RAMIREZ:  I'm the youngest of -- his youngest

19   son.  Like my sister just said, I just pray for grace over his

20   sentencing.  Now, I still think of my dad as Superman.  He has

21   always stayed tough and strong and helped me through a lot of

22   my own battles.  I know he can pull through this like he's

23   pulled through a lot of struggles in his life.  It's good to

24   see him here today.

25       But, yeah, I just, you know, pray for grace over his

1    sentence and him.  I know when this is all over that he will

2    come out stronger and better.  That's it.

3              THE COURT:  Okay.  Thank you.

4         Okay.  Why don't you come forward and say what your name

5    is and what city you live?

6              MR. A. RAMIREZ:  My name is Apolinar Ramirez, and I

7    live in the Colony, Texas.  I'm Joe's oldest brother.

8              THE COURT:  Okay.

9              MR. A. RAMIREZ:  I just want to say a couple things

10   about him.

11        Joe might not look like a very good person, but he is a

12   good person.  He has a good heart.  He's been a good father, I

13   believe a good father, good son, good brother and good

14   neighbor.  I just want -- I'm just hoping that you will be

15   lenient with him because I do not want him to die in prison.

16             THE COURT:  Okay.  Thank you.

17             MR. A. RAMIREZ:  Thank you.

18             THE COURT:  Okay.  Why don't you and your client come

19   back to the podium.

20             MR. LEHMANN:  Now, Mr. Ramirez would like to address

21   the Court, Your Honor.

22             THE COURT:  Mr. Ramirez, you have the right to make

23   any statement or presentation you would like to make on the

24   subject mitigation, that is, the things you think the Court

25   should take into account on the subject of sentencing more

1   generally, and I'll invite you at this time to do that.

2         DEFENDANT RAMIREZ:  First of all, I want to thank my

3   family and friends and tell them I love them all.

4      I done a mistake.  We all do them.  That would be it.

5         THE COURT:  Is that it?

6         DEFENDANT RAMIREZ:  Yes, sir.

7         THE COURT:  Okay.  Well, you have a disturbing

8   history in that you had in your possession at the time of -- I

9   think they found it at the time of your arrest, at least -- I

10  believe that's when they found the firearms, and you admitted

11  that they were yours.  It was a .40 caliber pistol that had

12  been stolen and other weapons.  It was unlawful for you to

13  possess those weapons because you were addicted to and used --

14  at least you used controlled substances.

15     Fortunately, for you your criminal record is not as bad as

16  I often encounter.  My tentative conclusion was that you get a

17  sentence above the top of the advisory guideline range, but

18  your attorney has been very persuasive.  So I've changed my

19  mind on that.  As a matter of fact, I've decided I'm going to

20  go about midway between the bottom and top of your advisory

21  guideline imprisonment range.

22     The range is 168 to 210 months.  Actually, I'm going to go

23  a little bit below the mid-range.  I'm going to give you a

24  sentence of imprisonment of 180 months, and that will be

25  combined with a term of supervised release of three years, and

1    that will start, of course, when you've completed your

2    sentence of imprisonment, and you will be obligated to pay a

3    special assessment of $100.  That's payable at the time of

4    sentencing.

5        I've concluded that a sentence of the kind I've just

6    described is one that will adequately and appropriately

7    address all the factors the Court should consider at

8    sentencing under 18, United States Code, Section 3553(a).  So

9    that's the sentence I'm going to impose.

10       The Court orders and adjudges that the defendant be

11   committed to the custody of the Bureau of Prisons to serve a

12   term of imprisonment of 180 months.  I'm also ordering that

13   the defendant serve a term of supervised release of three

14   years to start once he's completed his sentence of

15   imprisonment.

16       Now, the conditions of that supervised release will be the

17   standard conditions that will be set forth in the judgment of

18   conviction and sentence and the following additional

19   conditions:

20       The defendant shall not commit another federal, state, or

21   local crime.  The defendant shall not unlawfully possess a

22   controlled substance.  The defendant shall cooperate in the

23   collection of DNA as directed by the probation officer and as

24   authorized by the Justice for All Act of 2014 -- or 2004.  I'm

25   sorry.

1    The defendant shall refrain from any unlawful use of a

2    controlled substance and shall submit to one drug test within

3    15 days of release from imprisonment and at least two periodic

4    drug tests thereafter as directed by the probation officer

5    pursuant to the mandatory drug testing provision of the 1994

6    Crime Bill.

7    The defendant shall participate in a program approved by

8    the probation officer for the treatment of narcotic or drug or

9    alcohol dependency.  That will include testing for the

10   detection of substance use, and he shall abstain from the use

11   of alcohol and all other intoxicants during and after

12   completion of that treatment and contribute to the costs of

13   those services at the rate of at least $25 a month.

14   I'm also ordering that the defendant pay a special

15   assessment of $100.  That's payable immediately to the United

16   States of America through the Office of the Clerk of the Court

17   here in Fort Worth.

18   Mr. Ramirez, you have the right to appeal from the

19   sentence I've imposed if you're dissatisfied with it.  That

20   appeal would be to the United States Court of Appeals for the

21   Fifth Circuit.  You have the right to appeal in forma

22   pauperis.  That means without any cost to you if you qualify

23   for it.  Presumably, you would.

24   You would have the right to have the clerk of the Court

25   file a notice of appeal for you, and the clerk will do that

1    forthwith if you were to specifically request it.

2         You and your attorney have been given a form that outlines

3    certain rights and obligations in reference to an appeal.  If

4    you haven't already done so, I want the two of you to review

5    it.  Be sure you understand it, and once both of you are

6    satisfied you understand it, I want both of you to sign it and

7    return it to the Court coordinator.

8         Has that been done, Mr. Lehmann?

9              MR. LEHMANN:  It has, Your Honor.

10             THE COURT:  Okay.  The defendant is remanded to

11   custody.

12        Don't we have an indictment still pending, Mr. Poe, that

13   needs to be dealt with?

14             MR. POE:  Yes, Your Honor.  We would ask -- we move

15   to dismiss the pending indictments.

16             THE COURT:  Is he the only defendant named in the

17   indictment?

18             MR. POE:  Yes, Your Honor.

19             THE COURT:  Okay.  Well, I'll order the indictment

20   dismissed pursuant to the government's motion.

21        Okay.  The defendant's remanded to custody, and you're

22   excused, Mr. Lehmann.

23             MR. LEHMANN:  Thank you, Your Honor.

24        (End of proceedings, 9:45 a.m.)

25                            -oOo-

15

CERTIFICATE

1

2      I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter, and
3   that the transcript was prepared by me and under my
supervision.

4

5   s/  Ana P. Warren                         October 25, 2017
Ana P. Warren, CSR #2302                    Date
6   U.S. District Court Reporter

7

8                              -oOo-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25