ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 7 2018
CLERK, U.S. DISTRICT COURT
By_____
         Deputy

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
May 16, 2018
Lyle W. Cayce
Clerk

No. 17-10960
Summary Calendar

UNITED STATES OF AMERICA,

        Plaintiff-Appellee

v.

JOSE RAMIREZ,

        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-53-1 — A

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

    Jose Ramirez pleaded guilty to possession with intent to distribute a controlled substance and was sentenced within the Guidelines to 180 months of imprisonment, to be followed by 3 years of supervised release. On appeal, he contends that the district court violated his constitutional rights under the Confrontation Clause and Due Process Clause when, in imposing his sentence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-10960 Document: 00514503662 Page: 2 Date Filed: 06/07/2018
Case 4:17-cr-00053-A Document 46 Filed 06/07/18 Page 2 of 2 PageID 199

No. 17-10960

the court relied on information from the presentence report about his other criminal activity.

Even so, Ramirez moves for summary disposition of his appeal because he concedes that the issue is foreclosed by this court's decisions in *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006), and *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999). He states that he seeks to preserve the issue for further review. As Ramirez observes, his rights under the Confrontation Clause do not extend to sentencing proceedings. *See Beydoun*, 469 F.3d at 108. Moreover, we have previously rejected that the denial of the right to confront witnesses at a sentencing hearing was a due process violation. *See United States v. Salas*, 182 F. App'x 282, 284 & n.7 (5th Cir. 2006).

Because Ramirez's arguments are indeed foreclosed, his motion for summary disposition is GRANTED. The judgment of the district court is AFFIRMED.